# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 23-0440V

| | |
|---|---|
| WENDY HUBBARD,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: November 5, 2024 |

*Richard Gage, Richard Gage, P.C. (WY), Cheyenne, WY, for Petitioner.*

*Katherine Edwards, U.S. Department of Justice, Washington, DC, for Respondent.*

## RULING ON ENTITLEMENT[1]

On March 29, 2023, Wendy Hubbard filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") resulting from an influenza ("flu") vaccine received in August 2021. Petition at 1. Petitioner further alleges that the flu vaccine was administered in the United States, she suffered the residual effects of her injury for more than six months, and Petitioner has not, nor has anyone to her knowledge, filed, participated in, or collected an award or settlement from any civil action for her vaccine-related injury. Petition at ¶¶ 1, 9, 10. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this Ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On September 26, 2024, I issued findings of fact, finding that preponderant evidence supported a finding that Petitioner received a flu vaccine in her left arm on August 18, 2021 (ECF No. 25). On November 5, 2024, Respondent filed an amended Rule 4(c) report in which he states that, recognizing that my fact ruling is law of the case, he will not defend the case on other grounds during proceedings in the Office of Special Masters, although he reserves the right to appeal my fact ruling. Respondent's Amended Rule 4(c) Report at 2. However, in light of my fact ruling, Respondent states that the record evidence supports a finding that Petitioner suffered a left-sided SIRVA as defined by the Vaccine Injury Table, in that "petitioner had no recent history of pain, inflammation, or dysfunction of her shoulder; the pain was limited to the shoulder in which the vaccine was administered; and no other condition or abnormality, such as brachial neuritis, has been identified to explain petitioner's shoulder pain." *Id.* at 5. Respondent further agrees that Petitioner suffered residual effects of her condition for more than six months and, subject to Respondent's right to appeal the findings of fact, he does not dispute that Petitioner has satisfied all legal prerequisites for compensation under the Vaccine Act. *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master